UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

VICTOR LAWRENCE BAXTER,
(TDCJ No. 2418057),
    Plaintiff,

vs.                                                            Civil Action No. 4:23-CV-656-P

MOLLEE WESTFALL,
Former Judge, 371st District Court,
Tarrant County, Texas,

    Defendant.

OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff Victor Lawrence Baxter ("Baxter")'s complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff Baxter must be dismissed under authority of these provisions.

BACKGROUND

Baxter initiated this case with the filing of a civil-rights complaint form seeking relief for violations of his constitutional rights under 42 U.S.C. § 1983. Compl. 1-5, ECF No. 1. While the case was initially awaiting Court screening, plaintiff Baxter moved to voluntarily dismiss the case, and that motion was granted. ECF Nos. 7, 8, and 9. A few months later, Baxter moved to reopen the case, that motion was granted, and the case was reopened. ECF Nos. 11 and 12.

In the complaint, Baxter names only one defendant, District Judge Mollee Westfall, Judge (former), 371st District Court, Tarrant County, Texas. Compl. 1, ECF No. 1. He challenges Westfall's role in presiding over his conviction for first degree murder of his wife in case number 1694289R. *Id.* at 1-2. Baxter recites the following:

Comes Now, the Complainant a victim of aggravated misjustice by Tarrant County Judicial Court system at the 371st[t] Criminal District Court in and was denied entry to true justice by all sides of justice by all sides of justice for routinely subjected to become a victim of denial of any evidence to support at side of the fair side with prepare issue of my innocence to use any tools needed to show my innocence. However, the misjustice hate towards the wrongfully conviction of the complainant now a victim. [sic]

I Victor Lawrence Baxter, was accused of the murder of my wife her true, name: Mary Elizabeth Zakalowski, thin became: my wife Mary Elizabeth Baxter-white female date of birth May 21, 1978 true records show death March 11th 2019 at time: 12:55 AM hours at our home location 7700 Amy Lane North Richland Hills, Fort Worth, Texsa 76182 attention special notes I did not murder by wife as I will show herein she Mary Elizabeth Baxter took her life herself. She had not had a sound mind as she was mentally ill as records shown herein will provide the evidcne for the United States Attorney General Office to step in and show the cause of relief needed in this very very serious matter of a wrongfully convicted charge of murder first degree as charged by true billed in the 371st District and Judicial court trial cause no: 1694289R murder first degree. [sic]

The Honorable Judge Mollee Westfall of the 371 Judicial District Court Tarrant County Criminal Courts at law did deny every factor to support any of the evidence I had to factual relief for my innocence of being accused of First Degree Murder of my wife Mary Elizabeth Baxter.[sic]

> For reasons not to be understood Honorable Judge Mollee Westfall showed only discrimination hate towards my due process rights denied all secured or protected by the United States Constitution or laws of this United States and deprive such any rights, privileges or immunities that are secured by the United States Constitution and laws: I complainant Victor Lawrence Baxter requests appropriate such equitable relief as may be appropriate to insure the minimum corrective measures necessary to insure my fully enjoyment of such rights, privileges, and or immunities, except that such equitable relief shall by available under the laws of this United States of America.[sic]
>
> I do requests a fully investigation is warranted in to the abusive aggravated factors of a state Honorable Judge Mollee Westfall that did violate the oath of the State Bar to show sides of hate crimes and judicial conduct of the sides of that with her Honorable unjustice misconduct of her trial reach intimidate, or threaten, coerce or she did discriminate, against complainant during this trial in the 371st Judicial Distrct Court a Criminal Tarrant County Fort Worth, Texas. [sic]

Compl 2-4, ECF No. 1.

### STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Baxter is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). As Baxter is a prisoner, his cause is subject to review under § 1915A. Because Baxter is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both

§1915(e)(2) and §1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A.   Absolute Immunity

With regard to any possible claims for monetary compensation against Judge Westfall, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284-285 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Baxter does not make this showing. Rather, his claims arise solely from alleged conduct which occurred during

and arising from the criminal case against him presided over by Judge Westfall. The complained-of conduct by Judge Westfall was judicial in nature and undertaken pursuant to the jurisdiction provided to the 371st District Court, Tarrant County, Texas. Thus, Judge Wesfall is entitled to absolute immunity from any claims for compensatory monetary damages.

### B.     No Cause of Action for Injunctive Relief

Furthermore**,** to the extent Baxter is seeking some type of injunctive or declaratory relief against Judge Westfall for her actions take in state court, such relief is not approprite in this suit. In this regard, § 1983 expressly providses that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. Thus, the Court concludes that Baxter's claims under § 1983 for injunctive type relief must be dismissed under authority of §§ 1915A(1) and § 1915(e)(2)(B)(i) and (ii). *See generally Knight v. 24th Judicial Dist. Court Section A*, 2006 No. 06-4537, 2006 WL 4017837, at *2-3 (E.D. La. October 17, 2006), *rep. and rec. adopted*, (December 5, 2006) ("A criminal defendant prejudiced my misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal *habeas corpus* relief in appropriate circumstances") (citing *O'Shea v. Litteleton*, 414 U.S. 489, 502 (1974)(emphasis in original)).

### C.     Claim for Release Not Addressed

It appears that Baxter may also seek relief directly against his conviction and release from confinement. Compl 5, ECF No. 1. A § 1983 civil rights complaint is not the proper action in which to assert habeas corpus claims. A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitled him to release must pursue habeas corpus relief rather than civil rights relief

under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982). Thus, to the extent Baxter claims to be entitled to release, such claim must be pursued through a petition for writ of habeas corpus. The Court will dismiss this claim without prejudice to Baxter's right to seek habeas corpus relief.

## CONCLUSION

It is therefore **ORDERED** that all plaintiff Victor Lawrence Baxter's claims againstDistrict Judge Mollee Westfall are **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and(2), and 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii).[1]

It is further **ORDERED** that any claims by Baxter seeking to challenge his confinement and or seek release from confinement are **DISMISSED WITHOUT PREJUDICE** to his a right to seek relief through a habeas corpus proceeding.

**SO ORDERED** this **9th day** of **February 2024**.

_____

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

---

[1] The docket shows that the State of Texas and Tarrant County, Texas were also listed as parties. Review of the complaint however, shows these entities were referenced only as a part of Plaintiff's reference to his underlying state prosecution and appeal. Compl. 1, ECF No. 1. Thus, each of these parties should be terminated on the docket.